**Slip Op. 04-101**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: HON. RICHARD W. GOLDBERG, SENIOR JUDGE**

| | |
|---|---|
| CONSOLIDATED TEXTILES, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 03-00872 |

[Defendant's motion to dismiss granted.]

Date: August 11, 2004

Gregory S. Menegaz (Sonnenschein Nath & Rosenthal LLP) for plaintiff Consolidated Textiles, Inc.

Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Jeanne E. Davidson, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Stephen C. Tosini) for defendant United States.

**OPINION**

**GOLDBERG, Senior Judge:** In this action, plaintiff Consolidated Textiles, Inc. ("Consolidated Textiles") seeks an order requiring defendant United States ("the Government") to liquidate and reliquidate certain entries of polyester staple fiber from the Republic of Korea imported by Consolidated Textiles ("the subject entries"). Pursuant to liquidation instructions issued by the U.S. Department of Commerce ("Commerce"), the subject entries are subject to antidumping duties at the initial "all other" exporters and producers rate of 11.35 percent ad valorem.

Consolidated Textiles, which did not challenge the initial "all others" rate established in the antidumping duty determination, argues that it is entitled to the lowered "all others" rate of 7.91 percent <u>ad valorem</u> determined by Commerce on remand. The Government moves to dismiss pursuant to USCIT R. 12(b)(1) and 12(b)(5).

For the reasons that follow, the Court grants the Government's motion to dismiss.

## I.  BACKGROUND

On April 29, 1999, Commerce initiated an investigation into an antidumping petition filed with Commerce regarding certain polyester staple fiber from Korea and Taiwan. <u>See</u> <u>Initiation of Antidumping Duty Investigations: Certain Polyester Staple Fiber From The Republic Of Korea And Taiwan</u>, 64 Fed. Reg. 23053 (Apr. 29, 1999). As an importer of the subject merchandise, Consolidated Textiles participated in this investigation. On May 25, 2000, Commerce issued its <u>Notice of Amended Final Determination Of Sales At Less Than Fair Value: Certain Polyester Staple Fiber From The Republic Of Korea</u> ("<u>Amended Final Determination</u>"), 65 Fed. Reg. 33807 (May 25, 2000), in which Commerce determined rates for two of the investigated producers as well as an "all others" rate of 11.35 percent applicable to all other importers in the investigation, including Consolidated Textiles. <u>Id.</u>

On June 22, 2000, timely complaints were filed with the Court of International Trade by domestic petitioner E.I. DuPont de Nemours, Inc., and by Geum Poong Corp. and Sam Young Synthetics, two investigated producers of the subject merchandise, contesting the manner in which Commerce determined their dumping margins in the Amended Final Determination. Consolidated Textiles did not challenge Commerce's determination at this time.  In that action, the Court remanded Commerce's determination for proper calculation of Geum Poong's constructed value rate on two occasions.  See Geum Poong Corp. v. United States, 25 CIT 1089, 163 F. Supp. 2d 669 (2001).  In its second redetermination, Commerce determined Geum Poong's antidumping margin to be de minimis, and although the "all others" cash deposit rate was not at issue in that case, it was recalculated and lowered from 11.35 percent to 7.91 percent.  Redetermination Pursuant to Court Remand Order in Geum Poong Corp. v. United States, Court. No. 00-06-00298 (Apr. 30, 2002) at 1, aff'd, No. 03-1056, 1057 (Fed. Cir., Oct. 9, 2003).

Consolidated Textiles attempted to intervene in the Geum Poong litigation in July 2002.  On July 26, 2002, the Court granted Consolidated Textiles status as a plaintiff-intervenor, and issued a temporary restraining order preventing Commerce from liquidating Consolidated Textiles's entries.  Geum Poong and Sam Young Synthetics filed timely objections under USCIT R. 24, which

requires that interested parties may only intervene after 30 days of the filing of the complaint upon a showing of "good cause." Based on USCIT R. 24, the Court vacated its order granting Consolidated Textiles intervenor status and dissolved the temporary restraining order. Geum Poong v. United States, 26 CIT __, Slip Op. 02-84 (Aug. 6, 2002), aff'd, No. 02-1573, 1578 (Fed. Cir., Oct. 2, 2002).

On July 17, 2002, Commerce issued liquidation instructions to the United States Bureau of Customs and Border Protection ("Customs") ordering the liquidation of certain entries imported by Consolidated Textiles at the 11.35 percent cash deposit rate established in the Amended Final Determination. Customs began liquidating entries made in the third period of review – May 1, 2002 through April 30, 2003. On July 1, 2003, Commerce initiated an administrative review of the subject merchandise for the third period of review. See Initiation of Antidumping and Countervailing Duty Administrative Reviews and Request for Revocation in Part, 68 Fed. Reg. 39055 (July 1, 2003). On December 10, 2003, Consolidated Textiles filed a complaint and a motion for a preliminary injunction. In its complaint, Consolidated Textiles requested that the Court "enjoin any further liquidation of Plaintiff's third review entries of subject [polyester staple fiber] from Korea until the litigation affecting the legality of the 'all others' rate is final[,]" and

"require the Commerce Department to instruct Customs to re-liquidate all liquidated entries made during the period May 1, 2002 through April 30, 2003 . . . by Plaintiff of the subject merchandise that were liquidated at 11.35 percent if the final rate is 7.91 percent[.]"  Compl. at 6.  Sitting in motion part, the Court granted Consolidated Textiles's motion for preliminary injunctive relief by Memorandum Opinion and Order dated December 19, 2003.  Per the Court's order, Customs remains enjoined from further liquidating any entries of polyester staple fiber from the Republic of Korea that were imported by Consolidated Textiles on or after May 1, 2002.

## II.  DISCUSSION

### A.  The Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1581(i).

The Government contends that the Court lacks subject matter jurisdiction over Consolidated Textiles's claim pursuant to 28 U.S.C. § 1581(i).  Defendant's Memorandum Of Law In Support Of Its Motion To Dismiss ("Def.'s Br.") at 14.  The Government argues that § 1581(i) jurisdiction cannot be invoked because Consolidated Textiles could have brought an action under 28 U.S.C. § 1581(c).  Id. at 16.  However, like the importer in Consolidated Bearings v. United States, Consolidated Textiles is not challenging the final results of an administrative review, but rather the liquidation instructions Commerce issued to Customs, an action which could not have been brought under 28

U.S.C. § 1581(c).  348 F.3d 997, 1002 (Fed. Cir. 2003); see also

Shinyei Corp. of America v. United States, 355 F.2d 1297, 1305

(Fed. Cir. 2004) (quoting Consolidated Bearings, 348 F.3d at

1002).  Thus, in accordance with the Court's finding in its

Memorandum Opinion and Order granting Consolidated Textiles's

motion for a preliminary injunction, the Court finds that 28

U.S.C. § 1581(i) provides jurisdiction over the instant matter.

**B.    Consolidated Textiles's Claim Is Not Barred by the Doctrine of Collateral Estoppel.**

The Government contends that Consolidated Textiles's claim

is barred by the doctrine of collateral estoppel because

Consolidated Textiles is seeking a remedy it could have sought,

and previously attempted to seek, from the Court.  Def.'s Br. at

19.  The Government maintains that Consolidated Textiles is

merely realleging a claim already made in challenging Commerce's

application of the initial "all others" rate to entries of

merchandise entered during the first, second, and third

administrative periods of review.  Id. at 21.  However, upon

consideration of the four-prong test set forth in Thomas v.

General Services Administration, the Court finds that

Consolidated Textiles's claim is not precluded.  794 F.2d 661,

664 (Fed. Cir. 1986).  Thomas requires that the following four

conditions be met in order to apply collateral estoppel:

> (1)  the issue previously adjudicated is identical with that now presented;
> (2)  that issue was actually litigated in the prior

case;
(3)  the previous determination of that issue was necessary to the end-decision then made; and
(4)  the party precluded was fully represented in the prior action.

Id.

In addressing the first and second prongs of the Thomas test, the Court finds that the legal issue presented here is not identical to any issue that was actually litigated previously in the Geum Poong litigation.  In this case, Consolidated Textiles contests Commerce's instructions to Customs ordering liquidation of the subject entries at the "all others" rate of 11.35 percent. In the Geum Poong litigation, the issue was whether Commerce had properly determined the dumping margins of Geum Poong Corp. and Sam Young Synthetics.  Whether Consolidated Textiles is entitled to the lowered "all others" rate of 7.91 percent clearly is not an issue that was previously adjudicated in the Geum Poong litigation, thereby barring the application of collateral estoppel.  In addition, the fourth prong of the Thomas test lends further support to the Court's finding that collateral estoppel is not applicable because Consolidated Textiles was not even a party to the prior action, much less a "fully represented" party.

Moreover, the Court has been reluctant to apply collateral estoppel in trade cases as a matter of policy:

The burden on the party seeking issue preclusion is and should be exacting.  This is especially so in trade cases . . . .  Since the agencies involved perform the function of expert finders of fact concerning different

programs, different time frames, economic statistics and other factors . . ., principles of issue preclusion should be carefully applied. To hold otherwise would have a chilling effect upon the administrative processes envisioned by the Congress.

E.I. DuPont de Nemours & Co. v. United States, 23 CIT 343, 347 n.6 (1999) (citing PPG Indus., Inc. v. United States, 13 CIT 297, 302, 712 F. Supp. 195, 199 (1989)).

Accordingly, the Court holds that Consolidated Textiles's claim is not barred by the doctrine of collateral estoppel.

**C.    Consolidated Textiles Has Failed to State a Claim Upon Which Relief Can Be Granted.**

The Government argues that Consolidated Textiles has failed to state a claim upon which relief can be granted. According to the Government, liquidation of the subject entries is in accordance with 19 U.S.C. § 1516a(c)(1), which provides that:

> entries of merchandise of the character covered by a determination . . . shall be liquidated in accordance with the determination of the Secretary . . . if they are entered, or withdrawn from warehouse, for consumption on or before the date of publication in the Federal Register by the Secretary or the administering authority of a notice of a decision of the United States Court of International Trade, or of the United States Court of Appeals for the Federal Circuit, not in harmony with that determination.

19 U.S.C. § 1516a(c)(1). Pursuant to this statutory authority, Commerce ordered liquidation of the subject entries under 19 C.F.R. § 351.212(c), which provides for automatic assessment of antidumping duties at the rate equal to cash deposit of estimated antidumping duties required at the time of entry on merchandise

not covered by a timely request for an administrative review.
See 19 C.F.R. § 351.212(c)(2).

An importer should not benefit from a lower rate established
by a judicial or administrative decision if in fact the importer
did not participate in the underlying proceedings.  See J.S.
Stone, Inc. v. United States, 27 CIT __, __, 297 F. Supp. 2d
1333, 1343-45 (2003); see also United States v. ITT Indus., Inc.,
28 CIT __, __, Slip Op. 04-81, 30 (July 8, 2004) (citing
Consolidated Bearings, 348 F.3d at 1005-06).

In J.S. Stone, the antidumping duty order at issue set the
estimated duty rate of J.S. Stone, an importer of the subject
merchandise, at 43.72 percent ad valorem.  Id. at __, 297 F.
Supp. 2d at 1336.  SICC, a producer from whom J.S. Stone imported
the subject merchandise, requested an administrative review.  Id.
J.S. Stone did not participate in the review, however.  Id. at
__, 297 F. Supp. 2d at 1337.  In its questionnaire responses,
SICC failed to report its sales of the subject merchandise to
J.S. Stone.  Id.  As a result, SICC's sales to J.S. Stone were
not used by Commerce in computing the revised 0.11 percent
dumping rate for SICC, and Commerce ultimately instructed Customs
to liquidate J.S. Stone's entries at the 43.72 percent cash
deposit rate.  Id.

J.S. Stone filed suit in the CIT, seeking a refund on the
difference between the cash deposit rate it paid on antidumping

duties and the rate determined for SICC.  Id. at __, 297 F. Supp. 2d at 1342.  In rejecting J.S. Stone's claim, the Court held that "[n]ormally, the only means an interested party has of ensuring that it receives the actual antidumping duty rate is through participation in the antidumping review. . . .  If an importer decides not to participate in an administrative review, it bears the risk that Commerce may err in calculating the dumping margin."  Id. at __, 297 F. Supp. 2d at 1344.  Thus, "if an antidumping review is not requested, antidumping duties are collected on the unspecified merchandise in the amount of the cash deposit paid at the time of importation, which is published as the 'all others' rate in the Federal Register."  Id. (referring to 19 C.F.R. § 351.212 (1998)).

Here, Consolidated Textiles did not timely intervene in the Geum Poong litigation.  See Geum Poong v. United States, 26 CIT __, Slip Op. 02-84 (Aug. 6, 2002), aff'd, No. 02-1573, 1578 (Fed. Cir., Oct. 2, 2002).  Rather, as the Government correctly points out, "the Geum Poong litigation concerned only the individual rate assessed for Geum Poong Corp."  Reply Memorandum in Support of Defendant's Motion to Dismiss at 11.  The "all others" rate was lowered only incidentally, as a consequence of the reduction in Geum Poong Corp.'s rate.  Thus, since Consolidated Textiles did not participate in the Geum Poong litigation, Consolidated Textiles is not legally entitled to the revised "all others" rate

resulting from that litigation.  Consequently, Commerce may apply 19 C.F.R. § 351.212(c)(2) to order liquidation of the subject entries now that the deadline for filing a writ of certiorari with the U.S. Supreme Court has passed, thus rendering <u>Geum Poong</u> a final decision.

Accordingly, the Court holds that Consolidated Textiles has failed to present a justiciable claim.

### III.  <u>CONCLUSION</u>

For the aforementioned reasons, the Court has subject matter jurisdiction under 28 U.S.C. § 1581(i) and holds that the doctrine of collateral estoppel does not apply to Consolidated Textiles's claim.  Because Consolidated Textiles has failed to state a claim upon which judicial relief can be granted, this action is dismissed and the preliminary injunction issued in this matter on December 19, 2003 is dissolved.

A separate judgment order will be issued accordingly.

<div style="margin-left: 40%;">

/s/ Richard W. Goldberg

**Richard W. Goldberg**
**Senior Judge**

</div>

**Date:     August 11, 2004**
**          New York, New York**